IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS C. JENKINS,

    Plaintiff,

vs.

    Case No. 2:18-cv-694

    Judge Michael H. Watson

    Chief Magistrate Judge Elizabeth P. Deavers

MARY BETH SULLIVAN, *et al.*,

    Defendants.

## OPINION AND ORDER

The parties have delivered the attached letters and exhibits to the chambers email of the Undersigned. As the correspondence reflects, the parties have reached an impasse with respect to a discovery issue related to Defendants' production of redacted documents. For the foregoing reasons, the Court **ORDERS** Defendants to produce unredacted versions of the documents.

### I.

Defendants maintain that the redacted information is confidential or highly confidential information related to its current customers. Defendants contend that the redactions are minimal and that the integrity of each of the documents remains which makes them easily readable and understood. Defendants also argue that the documents are not relevant. Specifically, Defendants say that "[w]hile management of those customers following [Plaintiff's] departure is arguably relevant for purposes of demonstrating [Defendants'] belief under the circumstances, the actual customer names and customer-specific information is not." (March 6, 2019 Letter from Kristina

Dahmann to Meredith Pike.) Defendants offer to make the at-issue documents available to the Court for *in camera* inspection.

Plaintiff contends that Defendants have heavily redacted substantive, non-privileged information in countless documents and that the Agreed Protective Order already in place in this case sufficiently addresses Defendants' concerns about disclosure of confidential materials. He also objects to the redactions for practical reasons. Plaintiff protests that he cannot understand the substance of the documents because of the redactions. Many of the documents reference witnesses who have not been deposed. Plaintiff insists that the lack of access to the content of the documents makes them difficult to understand and anticipates it will be difficult for the witnesses to intelligently answer questions because of the redactions. He raises the practical concern that the witnesses could simply deny knowledge because they cannot decipher the documents' contents. He also questions his own ability to challenge a confidentiality designation because he cannot see the full substance of a document. Finally, Plaintiff argues that, to the extent Defendants intend to rely upon this evidence at trial, these redactions prejudice him and prevent him from being able to prepare for trial.

**II.**

Having reviewed the parties' submissions and the relevant case law, the Court **ORDERS** Defendants to produce unredacted versions of the documents. First, the Court finds that the Second Agreed Protective Order (ECF No. 39), entered on January 16, 2019 that Defendants executed, fully addresses their concerns with both "Confidential" or "Highly Confidential-Attorneys' Eyes Only" designations. (*See* ECF No. 39, at pp. 1-2.) The Court agrees with Plaintiff that the redactions render superfluous the confidentiality designations of the Protective Order and are unnecessary. *See Tween Brands Investment, LLC v. Bluestar Alliance, LLC*, Case

No. 2:15-cv-205, 2015 WL 6955177, at *2 (S.D. Ohio Nov. 10, 2015) (finding redaction unnecessary given the protective order and noting if a party violates the protective order by showing the information to non-attorneys that the Court would address the issue separately as a violation of an Order).

The Court also agrees that the redactions impose unwarranted practical problems. Plaintiff says that he cannot understand the substance of the documents and the Court's own review of them confirms that the redactions make the meaning of the documents unclear. Because many of the documents refer to witnesses who have not been deposed, the redactions make it likely that the deponents too will not understand them. This creates an unacceptable risk that the witnesses could deny knowledge altogether because they cannot interpret the contents of the documents. Similarly, the Court agrees that Plaintiff cannot mount a challenge to a confidentiality designation because he cannot see the full substance of a document.

Finally, or rather to begin, the Court notes that Federal Rule of Civil Procedure 34 provides that a party must produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(E)(i). *See ArcelorMittal Cleveland Inc. v. Jewell Coke Co., L.P.*, No. 1:10-CV-00362, 2010 WL 5230862, at *2 (N.D. Ohio Dec. 16, 2010) (noting that "the language of Rule 34 discusses production of 'documents,' rather than paragraphs or sentences"). Moreover, the Court agrees with Plaintiff's assessment that this Court has rejected redactions based on a party's assertion that the matters are not relevant. Indeed, as this Court has held, "ordinarily, the fact that the producing party is not harmed by producing irrelevant information or by producing sensitive information which is subject to a protective order restricting its dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case." *Beverage Distribs., Inc. v. Miller Brewing Co.*, No. 2:08-cv-827, 2010 WL 1727640, at

3

*4 (S.D. Ohio Apr. 28, 2010); *see also Tween Brands*, 2015 WL 6955177 at *2 (granting a motion to compel production of unredacted documents over the producing party's objection that the redacted information was irrelevant).

### III.

For the foregoing reasons, the Court **ORDERS** Defendants to produce unredacted versions of the documents. The Court further **ORDERS** the parties to meet and confer regarding the timing of such production and to file a **STATUS REPORT** regarding the production no later than **APRIL 9, 2019**.

**IT IS SO ORDERED.**

**DATED: March 26, 2019**

*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**